[711 NYS2d 468]

In the Matter of ROBERT M. SPILKY (Admitted as ROBERT MICHAEL SPILKY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 24, 2000

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Chris G. McDonough* of counsel), for petitioner.

*Meyer, Suozzi, English & Klein, P. C.,* Mineola (*Joseph A. Suozzi* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated May 21, 1999, containing eight charges of professional misconduct, two of which, Charges Five and Six, were withdrawn by the petitioner before the hearing. After a hearing on July 27, 1999, the Honorable Geraldine T. Eiber sustained a portion of Charge Eight and failed to sustain the remaining five charges. The Grievance Committee now moves to confirm so much of the Special Referee's report as sustained Charge Eight in part, and to disaffirm the report with respect to Charges One, Two, Three, Four and Seven. The respondent cross-moves, *inter alia,* to confirm the Special Referee's report, to vacate the respondent's suspension and to reinstate him, and to limit any further punishment to a censure.

Charge One alleged that the respondent engaged in an inappropriate and improper business transaction with a client, in violation of Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]).

Since 1966 the respondent or his predecessor law firm represented the complainant Michael O'Connell and his corporation, Colonial Hardware, in various legal matters. In 1994 the respondent received a loan from Mr. O'Connell in the sum of $150,000. By promissory note executed on November 16, 1994, the respondent agreed to repay the loan on or before February 16, 1995. The complainant was not represented by independent counsel concerning the loan or its terms, nor was he advised of his right to consult with other counsel. The respondent tendered no payment until August 1995, at which time his check for $5,000 was returned unpaid due to insufficient funds.

The complainant commenced an action to recover the debt. Although the respondent stipulated to an obligation of $167,500 in full settlement, he failed to make payments as agreed to in the stipulation.

The complainant was awarded judgment in the sum of $171,260.98 on January 5, 1996, and subpoenaed the respon-

dent to be examined as judgment debtor. Justice Levitt of the Supreme Court, Nassau County, held the respondent in contempt of court based on his failures to appear as required. On October 9, 1996, the respondent filed for bankruptcy.

Charge Two alleged that the respondent engaged in a conflict of interest by accepting a loan for $150,000 from a current client, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]).

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with a duly issued subpoena, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Four alleged that the respondent engaged in conduct which adversely reflected upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]).

Charge Seven alleged that the respondent engaged in conduct prejudicial to the administration of justice by failing to respect the directives of the Supreme Court, New York County, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent represented himself and his lending company, Equi-funding Unlimited, in an action against Efik Realty Corporation *et al.,* in the Supreme Court, New York County. By order dated November 14, 1997, the respondent was directed to pay a fee of $12,500 to receiver Paul Sklar. The respondent failed to pay the fee as directed or to take other appropriate action.

Charge Eight alleged that the respondent failed to cooperate with the lawful demands of the Grievance Committee in its investigation into his professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).*

The respondent failed to provide a written response to the complaint of Paul Sklar (Charge Seven), notwithstanding the Grievance Committee's letter of April 3, 1998, which requested his answer within 15 days. By letter dated December 14, 1998, the Grievance Committee directed the respondent to appear at its offices to be deposed with respect to the pending complaints against him.

---

* The portion of Charge Eight as relates to the withdrawn charges (paragraphs 45 and 46) has presumably been withdrawn as well.

The respondent contacted Grievance Counsel to advise that he would not appear on that date. The respondent was given an additional 10 days to obtain an attorney or appear at the Grievance Committee's offices. He failed to either appear in person or through counsel.

Based on the evidence adduced, we conclude that the Special Referee erred in failing to sustain all of the remaining charges. Accordingly, the Grievance Committee's motion is granted, and all six charges are sustained in their entirety. The respondent's cross motion to confirm the Special Referee's findings is granted only to the extent that the Special Referee properly sustained a portion of Charge Eight, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record during 33 years as a practicing attorney. The respondent submits that any additional punishment beyond his interim suspension should be limited to a censure.

Notwithstanding the respondent's financial difficulties which, in large measure, occasioned the predicaments which gave rise to the complaints of professional misconduct, he engaged in a questionable business transaction with a client of long standing, ignored court orders, and failed to cooperate with the Grievance Committee. Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

BRACKEN, J. P., O'BRIEN, RITTER, SANTUCCI and JOY, JJ., concur.

Ordered that the Grievance Committee's motion to confirm in part and disaffirm in part the Special Referee's report is granted, and Charges One, Two, Three, Four, Seven and Eight are sustained in their entirety; and it is further,

Ordered that the respondent's cross motion is granted to the extent that the portion of Charge Eight which was sustained by the Special Referee is sustained and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Robert M. Spilky, is suspended from the practice of law for a period of three years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or at-

tempting to practice law, (b) he fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert M. Spilky, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.